**HOWARD PLATING INDUSTRIES, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Intervenor.**

**No. 77–1611.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1980.

Decided Nov. 12, 1980.

Stewart J. Katz, Keller, Thoma, Toppin & Schwartz, Detroit, Mich., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, John H. Ferguson, Andrew Tranovich, Sara Green, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for respondent.

Before LIVELY and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Before us we have an application for enforcement of an order of the National Labor Relations Board against Howard Plating Industries, Inc. The employer refused to bargain with the intervening United Automobile, Aerospace and Agricultural Implement Workers of America on the basis that the representation election was tainted. The original order was reported at 231 N.L.R.B. No. 187 and reaffirmed in a supplemental decision reported at 243 N.L.R.B. No. 69.

The representation election was to be held on June 24, 1976. On June 23, 1976, the union distributed a leaflet which grossly distorted the profit sharing plan then in effect. While the company has raised numerous objections to the election, we believe that statement the day before the election by the union in the leaflet that profit sharing benefits were only $1.60 per week was so factually inaccurate as to deny a fair election. As stated in *N.L.R.B. v. Pinkerton's, Inc.*, 621 F.2d 1322 (6th Cir. 1980), the standard we must follow provides:

To warrant setting aside an election, the misrepresentation must be a substantial departure from the truth, made at a time when the other party was prevented from making an effective reply, and which may reasonably be expected to have had an impact on the election.

After the election it was established that the profit sharing plan reflected an average contribution per employee of $4.231 per week per employee in 1974 and $2.85 per week per employee in 1975. We believe that this meets the standard set forth in *N.L.R.B. v. Pinkerton's, Inc., supra,* and deny enforcement of the order of the N.L.R.B.